IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT WANG,

                Plaintiff,

v.

ANDREW M. SAUL, Commissioner
of Social Security,

                Defendant.

ORDER

17-cv-356-wmc

     Plaintiff's counsel seeks an award of attorney's fees in the amount of $18,990 pursuant to 42 U.S.C. § 406(b). (Dkt. #16.)[1] As set forth in plaintiff's motion and attached materials, plaintiff Scott Wang was awarded $129,923.52 in past due benefits after remand from this court. Section 406(b) contemplates a fee award not to exceed 25% of the past due benefits, which here works out to a maximum award of $32,480.88. The administrative law judge had already approved $10,000 in fees to reflect plaintiff's counsel's time spent representing plaintiff in the administrative process. Plaintiff's counsel recognizes that if he were to seek the full 25% allowed under the fee agreement and the maximum amount permitted under § 5046(b) then the hourly rate would be $1,065.44. Accordingly, plaintiff's counsel has reduced his request to reflect an hourly rate of $900.

     The Commissioner filed a response to the § 406(b) fee request, pointing out the possibility of a "windfall recovery" by counsel because the requested fee amount implies a

---

[1] To be clear, plaintiff seeks an award of $13,390, which accounts for the EAJA fee previously awarded of $5,600. The court, however, will consider the reasonableness of the total request under § 406(b), recognizing that Section 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

relatively high hourly rate. (Def.'s Resp. (dkt. #16).) *See generally Heise v. Colvin*, No. 14-CV-739-JDP, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (addressing proper calculation of hourly rate under § 406(b)).

While the court agrees that an hourly rate of $900 is certainly on the high end of the awards approved by this court, the court generally finds that awards reflecting an hourly rate of less than $1000 are reasonable under § 406(b). Accordingly, plaintiff's motion for fees under § 406(b) (dkt. #16) is GRANTED. The court will award $18,990 under 42 U.S.C. § 406(b). As explained above, plaintiff's counsel will be required to refund the amount awarded under the EAJA to plaintiff.

Entered this 10th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge